UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHRISTOPHER GOODIN, | CASE NO. 1:18-cr-00617 |
| Petitioner, | OPINION & ORDER<br>[Resolving Docs. 48 & 49] |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

*Pro se* Petitioner Christopher Goodin moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

For the reason stated below, the Court DENIES the § 2255 motion.

I. **Background**

In February 2019, Petitioner Christopher Goodin pleaded guilty to child sex-related crimes.[1] This included his contacting of two minor females over the Internet and persuading them to send him explicit images and videos of themselves.[2]

The Court sentenced Goodin to an aggregate prison term of 300 months.[3] This sentence is below the guidelines range.[4]

The Court also placed Goodin on supervised release for life. A condition of the supervision is that Goodin "must not seek, obtain or maintain any residence, employment,

---
[1] Doc. 16.
[2] Doc. 24 at 3 (Sealed); Doc. 20 at 7 ¶ 18 (Sealed).
[3] Doc. 43 at 19.
[4] *United States v. Goodin*, 815 F. App'x 860, 863 (6th Cir. 2020).

Case No. 1:18-cr-00617
GWIN, J.

volunteer work, church or recreational activities involving minors (persons under the age of 18) in any way, without the prior express written approval of the probation officer."[5]

The Court also ordered Goodin to pay an aggregate $150,136.40 in restitution and imposed a $300 special assessment and a separate $ 5,000 Justice for Victims of Trafficking Act (JTVA) special assessment.[6]

Goodin challenged his sentence on appeal. He contested: (1) the reasonableness of his 300-month sentence; (2) the amount of restitution; (3) the Court's authority to impose a restitution order; and (4) that his indigency precluded the imposition of the $5,000 JVTA special assessment.[7] Rejecting those claims, the Sixth Circuit affirmed his sentence.[8]

Goodin then filed this 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.[9] He argues that: (1) the application of the U.S.S.C. § 4B1.5(b)(1) sentencing enhancement was unconstitutional; (2) the $5,000 JVTA special assessment violated the Sixth Amendment; (3) the imposition of the restitution amount violated the Sixth Amendment; and (4) the supervised release provision limiting contact with minors is unconstitutional.[10]

The Government opposes Goodin's motion.[11]

II. Legal Standard

To begin, *pro se* pleadings are liberally construed and held to less stringent standards than counsel-drafted pleadings.[12]

---

[5] Doc. 27 at 7.
[6] *Id.* at 8.
[7] *United States v. Goodin*, 815 F. App'x 860, 861 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 388 (2020).
[8] *Id.*
[9] Doc. 48.
[10] *Id.*
[11] Doc. 49.
[12] *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

Case No. 1:18-cr-00617
GWIN, J.

A federal prisoner may collaterally attack their conviction or sentence by filing a § 2255 motion to vacate, set aside, or correct their sentence. A § 2255 motion must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."[13] A § 2255 movant must establish their allegations by a preponderance of the evidence.[14]

It is well established that "[a] movant may not use a § 2255 motion 'to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances . . . .'"[15]

### III. Discussion

The Court addresses each of Goodin's arguments in turn below.

#### A. U.S.S.C. § 4B1.5(b)(1) Sentencing Enhancement

The § 4B1.5(b)(1) enhancement applies "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime [ . . . ] and the defendant engaged in a pattern of activity involving prohibited sexual conduct." Goodin argues, as he did at sentencing[16] but not on appeal, that the enhancement does not apply to him since he was not previously convicted of a sex crime. And while the fact that § 4B1.5(b)(1) is found under the § 4B1.5 heading "Repeat and Dangerous Sex Offender Against Minors" could suggest such an interpretation, the relevant application notes indicate otherwise.

---

[13] *Pough v. U.S.*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. U.S.*, 334 F.3d 491, 496–97 (6th Cir. 2003)).
[14] *Pough*, 442 F.3d at 964.
[15] *Braden v. United States*, No. 19-5987, 2019 WL 8111957, at *2 (6th Cir. Dec. 10, 2019) (quoting *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999)).
[16] Doc. 43 at 6–10

Case No. 1:18-cr-00617
GWIN, J.

Crucially, the application note defines "a pattern of activity" as occurring where a defendant engaged in "prohibited sexual conduct [ . . . ] on at least two separate occasions."[17] That the application note references "separate occasions"—and not a previous conviction—indicates that the enhancement applies to defendants with no prior criminal history. This conclusion is also consistent with Sixth Circuit 's approval of the § 4B1.5(b)(1) enhancement in cases where defendants had no prior criminal history.[18]

Applied here, the Presentence Investigation Report established that Goodin caused two minor females to send large amounts of explicit material.[19] Since Goodin did not object to report's findings,[20] the Court may accept the PSR as findings of fact in sentencing.[21]

Accordingly, the Court denies Petitioner Goodin's § 4B1.5(b)(1) claim.

### B. JVTA Special Assessment

The JVTA requires the imposition of a special assessment on "any non-indigent person" guilty of certain child sex crimes, including the crimes in this case.[22] Courts determine JVTA indigency by examining both present and "future earning potential."[23] It is "the defendant [who] bears the burden of proving indigency."[24]

Goodin fails to meet his burden on collateral review. He did not object to the JVTA assessment at sentencing[25] and on direct appeal the Sixth Circuit affirmed this Court's

---

[17] § 4B1.5(b)(1) cmt n.4(B).
[18] *See United States v. Hollon*, 948 F.3d 753, 759 (6th Cir. 2020) (collecting cases).
[19] Doc. 20 at 5, 7.
[20] Doc. 43 at 3.
[21] *United States v. Nichols*, 943 F.3d 773, 775 (6th Cir. 2019) n.1 (citing Fed. R. Crim. P. 32(i)(3)(A)).
[22] 18 U.S.C. § 3014(a).
[23] *United States v. Wandahsega*, 924 F.3d 868, 889 (6th Cir. 2019).
[24] *Id.* at 890 (citing U.S. Sentencing Guidelines Manual § 5E1.2).
[25] Doc. 43 at 23.

- 4 -

Case No. 1:18-cr-00617
GWIN, J.

imposition of the fine.[26] Despite saying that he cannot provide for himself,[27] Goodin has not demonstrated that he will necessarily remain indigent or that his constitutional rights were violated.

Accordingly, the Court denies Goodin's JVTA claim.

### C. Restitution

Goodin's argument that "the Court's failure to investigate and explain how it calculated the award"[28] violated the Sixth Amendment also fails. Federal law required the Court to impose restitution in this case.[29] Because Goodin did not object to the findings of the Presentence Investigation Report, it was appropriate for the Court to rely on the report's comprehensive findings to impose the restitution amount.[30]

Accordingly, the Court denies Goodin's restitution claim.

### D. Minor Restriction

Goodin mischaracterizes the supervised release restriction on his contact with minors. He also did not object to this condition at sentencing and did not challenge it on direct appeal.

Goodin says that "the Court ordered the defendant not to have contact with minors under the age of 18."[31] But what the restriction actually does is prevent him from living with minors and participate in activities involving minors without first receiving permission from his probation officer.[32] Courts have affirmed similar conditions for individuals

---

[26] *Goodin*, 815 F. App'x at 870.
[27] Doc. 48.
[28] Doc. 48.
[29] *See* 18 U.S.C. § 2259(a).
[30] *See United States v. Sexton*, 894 F.3d 787 (6th Cir. 2018).
[31] Doc. 48.
[32] *See* Doc. 27 at 7.

Case No. 1:18-cr-00617
GWIN, J.

convicted of child pornography crimes that "did not involve direct contact with minors."[33] Since Goodin did seek out and exploit minors, the restriction is appropriate in light of its aim to "protect the public," even in light of burden on Goodin's "fundamental rights."[34]

Accordingly, the Court denies Goodin's minor restriction claim.

### IV. Conclusion

The Court DENIES Petitioner Goodin's § 2255 motion.

IT IS SO ORDERED.

Dated: October 20, 2021

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[33] *United States v. Frazier*, 547 F. App'x 729, 733 (6th Cir. 2013).
[34] *Id.* (citations omitted).

- 6 -